Chief Justice Robertson
delivered the 0¡ inion of the Court.
The last will of Thomas Roberts, deceased—in which ho devised a portion of his estate, real and personal, to Hs wife during her life—directed, that the residue should lie sold by his executors, and divided among his ten children, or their representatives, so as to make their portions equal, after charging each with what liad been advanced to them in his lifetime; and also, to sell and, in the like manner, divide, after his wife’s death, the estate devised to her; and then declared, as to the children of one of his daughters, Mary Brinker, as follows:—
“ It is my will, that my executors retain in then- hands « one equal share of my estate, which they are directed to “ give in equal portions to my three grand-childrcn, Joseph “ Brinker, Mary Jane Brinker, Miriam Brinker, and my “ great grand-daughter, Mary C. Brinker, equally, when u they marry or come of age; and my executors are not “ to be charged with interest on that portion willed to the Brin- “ hers, until after they marry or come of age
A bequest to se-, verallegatees,to he divided among them, they tal e as tenants in common; and if one dies, theothers are not en - tjtled to his share by survivorship; it relapses to the original sto/'.k from which it was taken.
One of those legatees, to-wit, Joseph Brinker, having, after the testator’s death, died intestate and before he had either married or attained twenty-one years of age, and his father, Joseph Brinker, sen. who is admitted to be his only legal distributee, claiming the interest which had been bequeathed to the deceased son—the executors •and himself, upon an agreed case,'presenting the foregoing facts, submitted the question of right to the Circuit Court of Fayette for decision; and that Court having decided in favor of the father, the executors prosecute this w'rit of error, and insist that the decision is erroneous.
The correctness of the opinion thus presented for our revision, depends altogether on the question whether the legacy be deemed to have been vested or contingent. If the will gave to Joseph Brinker, junior, a vested interest to be paid to him on his marrying or becoming twenty-one years old, his father is, as decided by the Court below, entitled by law to that interest whenever it shall be distributable. But if the will gave only a contingent interest depending, for its completion, on the event of marriage or majority, then, on the death of Joseph Brinker, junior, the legacy to him lapsed to the estate of the testator, and, being money, his executors are, as executors} entitled to it; for the bequest being of a pecuniary fund, to be equally divided among the legatees, they must be deemed to have been tenants in common, whose interests would no1, survive, but would relapse to the original stock from which it was taken by the will. Either the one or the other of the present parties is, therefore, entitled to the interest bequeathed to the deceased legatee.
The actual intention of the testator, to b.e inferred from the language and context of the will, must alone prevail in deciding the present question; and, as those common criteria for ascertaining the intention are not altogether satisfactory in this case, we must supply their deficiency by resorting to other and more arbitrary tests.
As the estate was to be converted into money by the executors, it was, of course, money which was given to the children and grand-children of the testator. And the direction to give to the legatees when &c. evidently *572 means—not that it was the executors who would give, nor that they should have any legatory power or discre? tion; but simply, that they should, at a prescribed time, pay what the testator had given, and only deposited with' them to pay.
A legacy given when ihe legatee marries or attains a certain age &c. is deemtention °appear■ing in the will) gent legacy, i. e.' feet if m^pro" vided the legatee marry &c. not otherwise. Bat a legacy -to an íi^to*tálm^eífect i i fu'uro, is vested^ and not to depend on the ImtU the time of payment.: And cumstances will be sufficient to show ' that alegacy is vested, not contingent,
Bequests o£ personalty are construed generally according to the rules of the civil law; and according to the doctrines of that code, adopted by Courts of Equity, which take cognizance of legacies, a legacy given when the legatee marry or attain a prescribed age, without any thing else in the will, controlling or aiding the inter-Potion of it, will be understood to be contingent, and “when” will, in such a case, be deemed synonymous with ?y some other word or phrase implying a condition ■ precedent to the vestiture of any certain interest. And accordingly, a bequest of money to an infant at twenty-one years of age, or when he shall become twenty-one years old, will be construed to mean that he shall have no interest unless he shall attain the prescribed age. But á legacy to an infant in presentí, to he paid in futuro, is deemed to be vestéd,, and as not depending on his living until the time fixed for payment.
And it is, also, an established rule of construction re- . . . . , specting legacies, that when there is no other legatory expression or intention than that implied in a direction to pay or distribute at a future time, or on a contingent event, the bequest, nothing else appearing, should be considered as contingent. But as, prima facie, it may be presumed that, a testator did -not intend that any interest bequeathed in his will should lie dormant or undisposed of after his death, or should ever lapse, therefore á slight circumstance may be sufficient for showing that a legacy is vested, and not contingent. And consequently, in just such a case as this, the adjudged cases would leave no right to doubt that, had the testator directed f/ie interest to be paid to the legatees during their infancy and celibacy, the legacy to them, of the principal fund, also? should be deemed to have been vested at the testator’s death.
But the interest in this case is not only not made payable to the infants, but is otherwise appropriated by the *573 will; and from that circumstance, inter alia, the counsel for the executors argues that, the legacy was contingent, and consequently lapsed on the death of the legatee.
The will directs theex’ors toretain certaim money legacies until the legatees come of age or marry; and that the ex’ors shall not be charged with interest: they are entitled to hold and use the money, free of interest, until the time of payment arrives.
Where there is legacy given, to be paid at some' future time, as when the legatee is of age, and an' intermediate vest ed interest is also given, both bequests are considered as vested on the death oil the testator, eé instanti. ^
But, under the circumstances of this case, we are disposed to think otherwise: first—because the declaration, that the executors shall not be liable for interest, implies that the testator believed that, without some such reservation, they would be liable for interest, to those legatees; for he directed that the executors should not be liable for interest “until after they (the legatees) come of age or marrywhich implies that they would, in the testator’s opinion, have been liable to the legatees for interest before that time, had he not expressly declared a contrary intention: and, second—and mainly, because we understand that declaration in favor of the executors, to mean, that they should be entitled, beneficially, to the úse of the principal fund, until, according to the will,it should become distributable; for, as it was money which was placed in their custody, and which, of course, they Would usq for their own benefit as long as they might have a right to do so without paying any thing for the use, the money itself should be deemed to have been bequeathed to them, and not merely the use of the interest separated from the principal, by giving the former to them, and confiding the custody of the latter to another depository.
If this be, as we feel confident that it is, the true in. terpretation of the will, in this respect, the fact that the money was bequeathed to the executors, in the first instance, and, for a time, to their own beneficial and personal use, is, according to approved authority, decisive of the main question which we are now to decide. For it is well settled that, if there be an intermediate vested interest given by the will, such a bequest as that to Mary Brinker’s children should be deemed to have been, eo instantly vested remainder. See 1st vol. Roper on Legacies, 392-3, and Bomston's case, in 3 Coke’s Repts. 19, 21, and Benyon vs. Maddison, 2 Bro. c. c. 75, Belt’s Ed.
Had the testator bequeathed to some other, the interest intermediately accruing, and directed the executors to keep the principal for the use of that other, and for the *574 eventual use of the ultimate legatees, perhaps such a bequest of the interest merely, might not, according to many adjudged cases, have been alone sufficient to show that the legacy to Mrs. Brinker’s children was a vested remainder. But the principal not having been severed from the interest, and both having been, as we think, bequeathed to the use of the persons who were nominated as executors, and who have acted as such, we construe the will as meaning, in that particular, that those persons should be entitled to both principal and interest until the appointed time for distribution; and therefore, without resorting to other considerations, we conclude, on this ground, that the opinion of the Circuit Court gave the true exposition of the will, and of the rights of the present parties.
Wherefore, that opinion is approved and affirmed.