CHRISTIAN, J.,
delivered the. opinion of the court.
The only question we have to determine in this case is, whether the legacy bequeathed by the will,of the testator, Samuel Major, to the children of his brother William Major, vested in them at the death of the testator, r at the time they arrived at the age of twenty-one years. This question must be solved by the true construction to be given to the following clauses of the testator’s will. After providing first for the payment of his debts, he makes the following disposition of the balance of his estate in these words: “Also I direct that all the property I have or in which I have an interest, both real and personal, be sold as is customary in such cases, and the net proceeds of such sale to be divided into four parts, namely: my brothers, John C. Major, Winfield S. Major and Langdon C. Major, to have each a fourth part, and the other fourth part to be divided among my brother William Major’s children, each one to have the amount of his share when he arrives at the age ofi twenty-one. The debts due me from brother William Major, I give to him. All other debts due me to be collected and divided in the same way as moneys arising from the sales of my property.”
The circuit court declared by its decree, now before us for review, “that the direction of the will of the testator, *Samuel Major, that the other fourth part of his estate to be divided among bis brother William Major’s children,” was in itself a bequest of said fourth part to said children, equally to be divided between them; and that the subsequent direction that “each one to have the amount of his share when he arrives at the age of twenty-one,” had reference only to the time when the possession to said legacies was to be delivered to said legatees severally by the executor, who until such time was to hold or invest said legacies for the use of said legatees as a trustee or quasi testamentary guardian; and that the legacies vested in the children of said William Major on the death of the testator, Samuel Major, and subject to be divested pro tanto by the birth of any other child before any of them attained the age of twenty-one years, for the purpose of letting in such afterborn child or children; and that the defendant, Analle Major, although born after the testator’s death, is nevertheless entitled to share with those born in the testator’s lifetime in said fourth part of his estate.” And in accordance with this opinion, the circuit court adjudged, ordered and decreed, “that under the true construction of the will of the testator, Samuel Major, the plaintiff’s intestates, Edmund P. Major, and Bettie Major, as also the defendants. William Major. Jr.. Samuel Major, Philip Major, and Analle .Major, each took a vested legacy of one-sixth part of said fourth of the testator’s estate, bequeathed, as aforesaid, to the children of his brother William Major; and that on the death of said Edmund P. Major and Bettie Major, their said share passed to their personal representatives, the plaintiffs.”
The court is of opinion that this decree *275 and opinion of the circuit court construing the will of the testator. Samuel Major, so as to give to the children of his, brother William Major, legacies which vested in them at his death, are erroneous.
It is not necessary in this opinion to enterupon a discussion *oi the technical rules which the courts have established. and the refined distinctions and exceptions to these rules, by which the lines, sometime shadowy, are drawn between legacies which are contingent and legacies which are vested. It is sufficient to say, in general terms, that where a future time for the payment of a legacy is defined by the will, the legacy will be vested or contingent according as, upon construing the will, it appears whether the testator meant to annex the time to the payment of the legacy or to the gift of it.
In ascertaining the intention of the testator in this respect, courts of equity have established two rules of construction: First, that a bequest, payable or to be paid at or when he shall attain twenty-one years of age, or at the end of any other certain determinate term, confers on him a vested interest immediately on the testator’s death, as debitum in presenti solvendum in futuro, and transmissible to his executors or administrators; for the words payable or to be paid are supposed to disannex the time from the gift of the legacy, so as to leave the gift immediate, in the same manner, in respect of its vesting, as if the bequest stood singly, and contained no mention of time.
A second rule of construction established by the authorities is, that if the words to be “paid” or “payable” are omitted, and the legacies are given at twenty-one, or if, when, in case or provided the legatees attain twenty-one, or any other future definite period, these expressions annex the time to the substance of the legacy, and make the legatee’s right to it depend on his being alive at the time fixed for its payment. Consequently, if the legatee happens to die before that period arrives, his personal representative will not be entitled to the legacy.
While these two rules of construction seem well established, there is still another, which is the all controlling one, and which explains and limits to their proper application the various exceptions and refinement of distinctions *to be found in the cases. It is this: the intention of the testator, as appearing from the whole will, must predominate over all technical words and expressions.
Applying these rules to the will before us, we think it is plain that the legacies bequeathed to the children of the testator's brother, William Major, were not legacies which vested at the testator’s death, but contingent upon the legatees arriving at the age of twenty-one, and consequently the legacy of those who died before the age of twenty-one did not pass to their personal representative.
It is to be observed that the testator uses the words not “to be paid,” or “payable,” but the words “to have” — “each one to have the amount of his share when he arrives at the age of twenty-one.” These words “to have” are used three times in the clause of the will we are to construe, and we must fairly presume he used them each time with the same meaning. He directs that all the property, real and personal. I have be sold, &c., and the net proceeds to be divided into four equal parts: “My brothers, John C., Winfield S., and Rangdon _G., each to have a fourth part; the remaining fourth to be divided among the children of my brother William, each to have the amount of his share when he arrives at the age of twenty-one.”
This language and these expressions thus repeatedly used by the testator in the same clause of his will plainly indicate that the enjoyment and title to said legacies were limited to the definite time or period when the legatees arrived at the age of twenty-one years. This is the more manifest, and is put beyond all doubt, when the intention of the testator is indicated from the whole scope and directions of the will.
It will be observed that the testator had four brothers, who were his nearest relatives and the objects of his bounty. To three of these brothers he leaves one-fourth each of his whole estate, the remaining fourth he bequeathes, not to his brother William, the fourth brother, but to his children. *All he bequeathes to his said brother William are the debts which are due from him to the testator.
This indicates very plainly, from the will itself, that the reason why the fourth part of his estate was bequeathed to the children of bis brother William instead of being given .directly to him was, that his brother William was in debt, and the testator well knew (hat whatever was bequeathed to him would be taken by his creditors. It was therefore plainly his purpose to secure the legacy (which no doubt otherwise would have been directly bequeathed to him) to his children. And the same reason induced the testator to limit the enjoyment of said legacy to the period when the children arrived at the age of twenty-one years; for otherwise the share of any one child dying before that period, during the life of the father, would have gone to him and been subject to his debts.
The court is therefore of the opinion that, according to the rules of construction established by the authorities heretofore referred to, as well as from the intention of the testator, plainly indicated by the terms of the will itself, the legacies to the children of William Major did not vest in them at the death of the testator, but were contingent upon the fact that the legatees should arrive at the age of twenty-one years, and that therefore the plaintiffs, as personal representatives of the legatees, who died before the age of twenty-one. are not entitled to receive the amount of said legacies decreed to them by the court below.
The court is therefore of opinion that the decree of the circuit court of Culpeper county is erroneous, and that the same be reversed.
The decree was as follows:
The court is of opinion; for reasons stated *276 in writing and filed with the record, that the decree of the said circuit court is erroneous; it is therefore adjudged, ordered *and decreed that the said decree of the said circuit court be reversed and annulled, , and that the appellee, out of the estates of his intestates in his hands to be administered, do pay to the appellants their costs by them expended in the prosecution of their appeal and writ of supersedeas here, together with their costs by them expended in the said circuit court. And this court, now proceeding to render such decree as the said circuit court ought to have entered, and being of opinion that under the true construction to be given to the will of the testator, Samuel Major, the legacies bequeathed to the children of his brother, William Major, did not vest in them at the death of the testator, but whenever said children should arrive at the age of twenty-one years.
It is therefore decreed and ordered that the said bill of the appellee, the plaintiff in the court below, be dismissed, but without prejudice to the appellee, Analle Major, when she arrives at the age of twenty-one years, or of any of the other children of said William Major who are now of age, to demand and receive of the executor of said Samuel Major the amount admitted, or which may be proved, to be in his hands due to the said children of the said William Major.
All of which is ordered to be certified to the said circuit court of the county of Culpeper.
Decree reversed.