# Richmond.

SELLERS' EX'OR V. REED ET ALS.

November 5th, 1891.

1. WILLS—*Remainders—Vested—Contingent.*—Where a future time for payment of a legacy is defined by the will, the legacy will be construed as vested, when the time is meant to be annexed to the payment or possession only, but as contingent, when annexed to the gift itself, *e. g.* Legacy payable to legatee at twenty-one, or any other age, is vested; a legacy payable to legatee *at* twenty-one, or *when* he attains twenty-one, is contingent unless the intermediate interest is given to him, in which case the legacy is vested. *Major* v. *Major*, 32 Gratt. 819.

2. IDEM—*Case at bar.*—Testator willed all his property, real and personal, to his wife until their youngest child reached seventeen years, she to board, clothe and educate all the children until that time, when he willed his wife one third, and the remainder to the children equally;

HELD:

Each child took absolutely a vested interest.

3. IDEM—*Vesting—Legacies—Devises—Intention.*—The law favors the vesting of estates, and of devises more strongly than of legacies; but the intention gathered from the whole will, prevails over merely technical words or expressions. Devises are always held to be vested, except estates in the devise of which a condition precedent is so clearly expressed that to treat them as vested, would be to decide in express opposition to the intention.

4. JURISDICTION—*Title to land.*—A trust deed to secure a debt less than $500, having been executed, on his interest under the will, by one of the legatees who died before the youngest child reached seventeen, the question in court below was whether his interest was a vested interest going to his administrator, or a contingent interest lapsing at his death;

HELD:

This court has jurisdiction of the appeal as the controversy concerns the title to land. Code, ¿ 3455.

VOL. LXXXVIII—48

Argued at Staunton. Decided at Richmond. Appeal from a decree of the circuit court of Rockingham county, rendered April 18th, 1891. The principal question in the case arose upon the construction of the will of Gideon B. Reed, who died in 1878. So much of the will as is material to the controversy is as follows-:

" I will and bequeath to my wife, Mildred Reed, all my property, both real and personal, until the youngest of our children shall arrive at the age of seventeen years, she to board, clothe and educate all of our children until that time. Should the now younger child die, then my wife is to have the property named until the next younger child becomes seventeen years of age. When the younger child becomes seventeen years of age, I will and bequeath to my wife, Mildred Reed, the one-third of my estate, both real and personal, the remainder to my children equally."

On the 5th of September, 1881, Patrick H. Reed, one of the adult children of the testator, being indebted to Reuben Sellers, executed a deed of trust conveying all his right, title and interest under the will to secure the debt, and afterwards died before the youngest child attained the age of seventeen years.

The bill was filed for an administration and division of the testator's estate, and in the progress of the cause a question arose as to the effect of the deed of trust, which depended upon whether Patrick H. Reed took under the will a vested or contingent interest. If the former, the deed was operative ; if the latter, the interest lapsed by his death, and the deed was inoperative.

The circuit court took the latter view, and decreed accordingly, which is the decree complained of.

*Sipe & Harris,* for appellant.

*John E. Roller* and *Strayer & Liggett,* for appellees.

LEWIS, P., delivered the opinion of the court.

Whether a legacy, which is directed to be paid at a future time, is vested or contingent, depends upon the meaning of the testator (to be gathered from the whole will) to annex the time to the payment or possession only, or to the gift itself. In the former case the legacy vests immediately; in the latter it is contingent.

The rules upon this subject were fully stated in *Major* v. *Major*, 32 Gratt. 819, and need not be here repeated at large. According to those rules, the word "when," like "at," "if," "provided," &c., in a testamentary gift of personalty, is a word of condition, denoting, unless qualified by the context, the time when the gift is to take effect in substance; so that if the legatee die before the period specified, the legacy is lapsed. Hence, while a legacy *payable* to the legatee at twenty-one, or any other age, is vested, *i. e.*, *debitum in præsenti, solrendum in futuro*, a legacy to one, generally *at* twenty-one, or *when* he attains twenty-one, is contingent. But to the latter rule there are some exceptions, one of which is that if the intermediate interest is given to the legatee, or is directed to be applied for his benefit, the legacy is *prima facie* vested, this circumstance being considered as an indication of the testator's intention that the legatee shall have the principal at all events. 1 Rop. Leg. 572; *Hoath* v. *Hoath*, 2 Bro. C. C. 4; *Fonereau* v. *Fonereau*, 3 Atk. 645; *Hanson* v. *Graham*, 6 Ves. 239; *Cropley* v. *Cooper*, 19 Wall. 167.

These rules as to legacies, however, which were borrowed from the civil law, do not altogether apply to devises of realty; and in a case like the present of a mixed gift of realty and personalty, the rules relating to devises control. *Collier's Will*, 40 Mo. 287; *Rancy* v. *Heath*, 2 Patt. & H. 207.

In both classes of cases the rule is observed that the law favors the vesting of estates, as also the rule that the intention of the testator will prevail over merely technical words or

expressions. The courts, however, lean even more strongly in favor of the vesting of devises than of legacies. The former are always held to be vested, except estates in the devise of which a condition precedent is so clearly expressed, that to treat them as vested would be to decide in direct opposition to the intention of the testator. Hence, words of seeming condition, as "when," "upon," &c., are, if possible, held to have only the effect of postponing the right of possession. And even though the devise be clearly conditional, yet the condition will be construed, if possible, as a condition subsequent, so as to confer an immediately vested estate, subject to be divested on the happening of the contingency. *Hawk.*, *Wills*, 223, 237; 2 Min. Insts. 357.

*Boraston's Case*, 3 Rep. 19, is an instance of the first sort. There the devise was to A and B for the term of eight years, with remainder to the testator's executors until such time as H. B. should arrive at twenty-one years, and *when* he should come of age, *then* to him in fee. H. B. died under age, and it was contended that the remainder did not vest in him, because he did not live to attain twenty-one years. But it was determined otherwise; that is, that the word "when" in the devise applied only to the time of enjoyment, and not to the vesting of the estate.

This and other like cases were followed in *Goodtitle* v. *Whitby*, 1 Burr, 228. That was a devise to trustees to lay out the rents and profits of the devised premises for the maintenance and education of the testator's two nephews, during their minorities, and *when* and *as* they should respectively attain the age of twenty-one, then to them equally.

Lord Mansfield, in delivering judgment, said he would lay down two rules, which were these, viz.: (1) That wherever the whole property is devised with a particular interest given out of it, it operates by way of exception out of the absolute property; and (2) that when an absolute property is given, and a particular interest given in the meantime, as *until* or *when*, the

devisee shall come of age, then to him, that that does not operate as a condition precedent, but as a description of the time when the remainder-man is to take in possession. Accordingly, he held that the devise to the trustees was only an exception out of the absolute property given to the nephews, and that they took vested interests at the testator's death. This was so plain, he said, that it would be a shame to cite cases upon it.

In *Doe* v. *Lea,* 3 T. R. 41, the devise was to trustees, and *when* M. L. should attain the age of twenty-four, then to him, &c. The devisee died under twenty-four, and it was contended in that case, also, that the word "when" operated as a condition precedent. But the whole court were of opinion that it did not, Lord Kenyon remarking that the question had been settled ever since *Boraston's Case*; and the subsequent cases to the same effect are very numerous.

In the light of these principles, when applied to the will before us, the case is free from difficulty. Here the testator devises the whole property, real and personal, to his wife, charged with a trust for the benefit of all the children, until the youngest child shall attain the age of seventeen years. He then, in effect, directs that, upon the happening of that event, the absolute property shall go—one-third to the wife, and the rest to the children equally. His purpose, evidently, was to provide a home and support for the family until such time as, in his judgment, a division of the estate would be expedient, which time he specifies. There is nothing in the will to show that he intended to give anything contingently. All the children—certainly in respect to the ulterior estate—are put upon a footing of exact equality; nor is there anything indicating an intention to disinherit the offspring of any of them in any event. Yet such would be the consequence of sustaining the appellee's view if any one of the children should marry and die, leaving issue, before the determination of the trust estate.

This consideration had weight with Lord Mansfield, in *Goodtitle* v. *Whitby*, where he says : " Here, upon the reason of the thing, the infant is the object of the testator's bounty, and the testator does not mean to deprive him of it in any event. Now, suppose this object of the testator's bounty marries and dies before his age of twenty-one, leaving children, could the testator intend, in such event, to disinherit him ? Certainly he could not."

The appellees rely upon the third sentence in the first clause of the will, which is in these words : " When the younger child becomes seventeen years of age, I will and bequeath to my wife, Mildred Reed, the one-third of my estate, both real and personal; the remainder to my children equally." Particular stress is laid upon the first word " when," in the sentence as importing a condition precedent; and the repetition of the words "I will and bequeath," it is contended, virtually amounts to " a new devise." But the sentence must be construed in connection with what immediately precedes it, and so construing it, it is merely descriptive of the event upon the happening of which the particular (or trust) estate is to determine, and the absolute estate is to take effect in possession. This construction is in harmony no less with what seems to us the apparent intention of the testator than with the established rule of construction in such cases.

" Where a testator creates a particular estate," says Jarman, in stating the rule, " and then goes on to dispose of the ulterior interest, expressly in an event which will determine the prior estate, the words descriptive of such event, occurring in the latter devise, will be construed as referring merely to the period of the determination of the possession or enjoyment under the prior gift, and not as designed to postpone the vesting." 2 Jarm., Wills (5th Am. Ed.), chap. 25.

This is but stating in slightly different language the rule laid down by Lord Mansfield, in *Goodtitle* v. *Whitby*, and which has since been the universally accepted canon of construction.

The case of *Major* v. *Major*, 32 Gratt. 819, wherein the word " when " was construed as a word of condition, is not in point, because that was not only, in effect, a gift of personalty, as the will directed the real estate to be converted into money (*Cropley* v. *Cooper*, 19 Wall. 167), but the context showed that the word was annexed to the substance of the gift, which rendered the gift contingent.

We hold, therefore, that Patrick H. Reed took a vested interest in the estate, real and personal, at the testator's death, which, at his death, passed to his representatives.

The only other question in the case is one of jurisdiction. The appellant's debt being less than $500, the appellees contend that the case is not within the jurisdiction of this court. But this position is untenable, because the question being whether Patrick H. Reed, the grantor in the deed of trust, took an immediately vested, descendible interest under the the testator's will, which devises both real and personal estate, the controversy concerns the title to land, which gives this court jurisdiction, independently of the amount of the debt secured in the deed. Code, sec. 3455; *Pannill* v. *Coles*, 81 Va. 380.

The decree will, therefore, be reversed, and an order entered here in conformity with this opinion.

DECREE REVERSED.