# EARNSHAW *v.* DALY.

WILLS; PROVISIONS IN RESTRAINT OF ALIENATION; PERPETUITIES.

1. The most important rule in the construction of wills, to which all other rules must bend, is, that the intention of the testator must prevail, when not inconsistent with the rules of law.

2. A testator devised his entire estate to his wife, so long as she might live and remain his widow, and desired her to see his children well educated, the expense of which was to be paid out of the general income. He further provided that after the lawful age of the youngest child, the property should be sold and the proceeds equally divided among the children named. A bill in equity was filed after the death of the widow and before the majority of the youngest child, by one holding the title of one of the children, for the sale of the estate and distribution of the proceeds: *Held,* That the estate was charged with the education of the children ; that they took a vested interest, the full enjoyment of which was postponed until the majority of the youngest, and that such postponement was not in restraint of alienation or in conflict with the rule against perpetuities.

No. 69.    Submitted September 25, 1893.—Decided October 2, 1893.

HEARING on appeal by the complainant from a decree of the Supreme Court of the District of Columbia, holding an equity term, construing a will, and dismissing a bill filed for the sale of an estate and distribution of the proceeds. *Affirmed.*

THE COURT in its opinion stated the case as follows:

This case turns upon the construction of the following clauses of the will of Caspar Herbert, deceased, viz.: "I give, devise and bequeath to my beloved wife, Emilie Herbert, all the personal property and real estate of which I shall die possessed or shall be entitled to at the time of my death, so long as she may live and remain my widow; and I desire her to see my children well educated, the expense of which shall be paid out of the general income. After the lawful age of my youngest child, my property shall be sold and the proceeds thereof be divided equally, share and share alike, between my children, Amelia Herbert, Mary, Sophia, Frederick, Anna, Emma, Caspar, Henry, or any other which may be born during my wedlock."

The testator died June 2, 1887, leaving, in addition to the children named in the will, one who was born June 10, 1881. The widow, Emilie Herbert, died April 12, 1889. The complainant, holding the title of Frederick Herbert, filed this bill, praying to have the lands described in the will sold, and their proceeds distributed, and has appealed to this court from a decree dismissing it.

*Mr. Thomas M. Fields* for the appellant:

1. The will in question in no way affects the title of the property devised, but refers exclusively to the proceeds of the estate when the same shall have been converted into money. The devisees and legatees under the will being the heirs at law of the testator would have taken the same estate if no will had been made. They, therefore, take by descent and not by purchase, and the will is inoperative. *Barnitz* v. *Casey*, 7 Cranch, 456.

2. The title which thus passed by descent is a fee simple title, to which no valid condition requiring alienation can be annexed. 2 Jarman on Wills, 534; *Shaw* v. *Ford*, 7 Ch. Div., 669. And it is equally true that a condition against alienation until the youngest child comes of age attached to

such an estate is also void. *Roosevelt* v. *Thurman,* ·I Johns.,
Chancery, 220; *Mandlebaum* v. *McDonald,* 29 Mich., 78.
See also *Twitty* v. *Camp*, Phillip Equity, 61. And these
rules against requiring or prohibiting alienation of such an
estate apply equally to the entire or absolute interest in per-
sonalty. 2 Jarman on Wills, 538; Co. Lit., 223, A; see also
*Jennings* v. *Smith,* 29 Ill., 122; *Rankin* v. *Rankin,* 36 Ill.,
298; *In re Corrington,* 124th Ill., 363; 14 Western Reporter,
122. As to the construction of provisions restrictive of
alienation, see 2 Jarman on Wills, Chap. 27, Sec. 11, page
527, et seq. And as to the general rules for construction of
wills, see Jarman on Wills, Chap. 51. And as to the general
rules relating to constructive conversion as applied to wills,
see Jarman on Wills, Chap. 19.

3. A clause in a will declaring that the testator " desires "
that a certain disposition should be made of property, etc., is
merely precatory. *Bills* v. *Bills,* 80 Iowa, 269.

*Messrs. Clark & Johns* for the appellees :

1. If a direction to sell land is absolute, it is no exception
to the general rule that land directed to be sold and turned
into money, is to be treated as money from the death of the
testator for all the purposes of the will, that *the time* of sale
is remote and that the conversion *in fact* cannot be made or
considered as effected till the time arrives. Leigh & Dalzell
on Conversion, marg. p. 27; McLure's Appeal, 72 Penna.
St. R.

2. When land is directed by will to be sold at some future
time and the proceeds then divided, the sale cannot take place
till *that time.* But when it does take place the conversion
*relates back* to the death of the testator and the property is
personalty from the testator's death. *Cropley* v. *Cooper,*
*supra* ; *Pratt* v. *Taliaferro,* 3 Lehigh, 419 ; *Smith* v. *McCrary,*
3 Iredell, equity p. 204 ; *Hunt* v. *Fisher,* 1 H. & G., 88.

3. The first great rule in the construction of wills, is that
if consistent with law, the intention of the testator must pre-
vail. To this all other rules must bend. *Smith* v. *Bell,* 6

Peters, 68 ; *Finley* v. *King*, 3 Peters, 346 ; *Colton* v. *Colton*, 127 U. S., 130.

4. The main intent of the testator was to provide for the support of his widow, during her life and *during her life*, for the education of his infant children out of the income of her life estate, and that on the termination of the life estate that all his children should equally enjoy the income of the property, which he absolutely prohibits from being sold till his youngest child attains majority.

5. On testator's death the widow took a life estate and the children vested remainders. If any child died intestate before the termination of the life estate, or after its termination and before the sale, that child's interest would go to his or her personal representatives. *Cropley* v. *Cooper* ; *Pratt* v. *Taliaferro, supra* ; *Rhinhart* v. *Harrison*, 1st Baldwin, C. C., 177.

Mr. Justice SHEPARD delivered the opinion of the Court:

It is contended on behalf of appellant, that the fee in the lands was not devised, and that it descended at once to the children of the testator, subject to the estate carved out for the widow, and that the provision for the sale thereof, upon the "arrival at lawful age" of the youngest child, is void, because in restraint of alienation.

In the view that we have taken of the merits of this case, we do not consider it necessary to follow counsel in their learned and interesting exposition of the principles, and criticism of the authorities, relating to the law of perpetuities and restraints of alienation. The plain provisions of the will itself furnish the grounds for our conclusion.

"The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law." *Smith* v. *Bell*, 6 Pet., 68 ; *Colton* v. *Colton*, 127 U. S., 300.

By this will the testator's widow took a life estate subject to termination by marriage, or by the arrival at lawful age of

the youngest child. This estate was charged with the education of the children, for we cannot but regard the words—
"and I desire her to see my children well educated, the expense of which shall be paid out of the general income"—
as something more than advisory merely. The subject as well as the objects of this trust were certain and the expression of the desire was followed by an explicit direction of the manner of its satisfaction. The character and extent of this education only are left to the reasonable discretion of the widow, the exercise of which by her is subject to the supervision of a court of equity. *Colton* v. *Colton*, 127 U. S., 300 ; *McMurray* v. *Stanly*, 69 Tex., 227.

Whether the widow die before that time or not, the lands are required to be held until the arrival of the youngest child at lawful age, when, and not before, they shall be sold, and the proceeds distributed among all the children, "share and share alike."

The children took a vested interest upon the death of the testator, the full enjoyment of which is not to take effect until the majority of the youngest. *Cropley* v. *Cooper*, 19 Wall., 167. When that time arrives, they will have their election, to divide the lands or have them sold by a trustee, who may be appointed by a court of equity upon their application.

There was no attempt to cast upon them a fee-simple estate in the lands, coupled with a restraint upon their power of alienation. The testator's purpose to hold the lands together unsold until the majority of the youngest child may have been induced by a reasonable belief that they would increase greatly in value, and the desire to secure the benefits thereof to all, and especially to the younger children, who could neither alien nor incumber their shares until arrival at majority. But whatever the motive may have been, it is a matter with which we are not concerned.

The will contains a simple and not unusual form of devise or bequest that has never been generally considered beyond the power of a testator, or opposed to any sound rule of pub-

lic policy, so long, as in this case, it be not so long postponed in enjoyment as to come in conflict with the rule against perpetuities.

We see no error in the proceedings in the court below, and its decree must be affirmed, with costs.

*Affirmed.*