## ROLFE et al. v. COATES et al.

(Circuit Court of Appeals, Eighth Circuit. July 11, 1922.)

No. 5904.

1. **Descent and distribution** ⬤⟹5—**Descent of personalty determined by law of state in which decedent was domiciled at time of death.**

The law of the state in which the decedent was domiciled at the time of her death determined the descent of her personalty, no matter where located.

2. **Wills** ⬤⟹687(2)—**Daughter's interest in trust, under will providing for distribution of estate when daughter reached certain age, held a vested interest prior to daughter reaching such age.**

Where will gave residue of testator's estate to named persons, "trustees herein, * * * for my three daughters, * * * in which they shall take share and share alike," provided that the daughters should turn over proceeds of life insurance policies to trustees, to be managed as a part of their interest in the trust estate, that the daughters should "be maintained and educated out of the net income from their respective shares in my estate," and that each daughter complying with the conditions of the will should "receive her share of the estate and insurance money when she is 25 years of age," a daughter had a vested interest before reaching such age, which on her death prior thereto descended to her heirs.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by E. A. Rolfe and R. L. Pettus, trustees, against John R. Coates and others, with cross-suit by Genevieve Pettus West and another against John R. Coates and another, consolidated with a suit by John R. Coates, Jr., and another against Stuart Pettus and others. From the decree rendered, E. A. Rolfe and R. L. Pettus, trustees, and others, appeal. Affirmed.

R. J. Williams and Mann & Mann, all of Forrest City, Ark., for appellants.

Charles T. Coleman, Joe T. Robinson, Joseph W. House, Jr., and Walter G. Riddick, all of Little Rock, Ark., for appellees.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. This appeal is from a decree in two consolidated actions, which actions involved the same issue. That issue was the construction of a portion of the will of George B. Pettus creating a trust from part of his estate. The part of the will involved is as follows:

"I hereby give, devise and bequeath to R. L. Pettus and E. A. Rolfe, trustees herein, the residue of my estate, real, personal and mixed, for my three daughters, Genevieve, Evelyn and Marie, in which they shall take share and share alike, provided they comply with the conditions hereinafter made.

"One of these conditions is that, after completing a high school course, they shall each attend some college or seminary for young ladies for the term of three years.

"My said trustees shall be the sole judges as to whether my daughters or either of them have complied with these conditions.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Another condition is that they severally refrain from marrying except with the consent and approval of said trustees, or the survivor of them, if either of them should die or resign, until they are respectively twenty-five years of age.

"Another condition is that they severally of themselves, or through their guardians, turn over to said trustees, any insurance money that may be payable to them, or either of them at my death, that it may be handled under the provisions of this will; and I hereby appoint R. L. Pettus and E. A. Rolfe, the aforesaid trustees, guardians of my said daughters.

"Another condition is that they severally abide by the appointment of guardians which I have made.

"Each of my daughters complying with the conditions of this will shall receive her share of the estate and insurance money, when she is twenty-five years of age; each one failing to comply with said conditions, or either of them, shall receive nothing, and her share shall go to the daughter, or daughters who comply; and if all should fail to comply, the whole is to go to F. G. Pettus, R. L. Pettus and H. E. Pettus.

"Until they are twenty-five years of age, my daughters shall be maintained and educated out of the net income of their respective shares in my estate; and for this purpose, the insurance money is not to be considered a part of the estate.

"Until my daughters become twenty-five years of age respectively the trustees shall keep each one's portion of the insurance money invested according to their best judgment, and shall likewise invest any surplus there may be from the income of their other property, after maintaining and educating them.

"The trustees here appointed, or the survivors, if either shall die or resign, are hereby given full power to sell real or personal property, when in their judgment, it should be done, at public or private sale, and without orders from any court, the proceeds to be invested in their discretion. And having full confidence in my brother, R. L. Pettus, and E. A. Rolfe, I hereby appoint them executors of my last will and testament; and they are to act without any bond being required of them either as trustees, guardians or executors."

The controversy arises out of the situation following: The daughter Evelyn, had married John R. Coates, given birth to a son, John R. Coates, Jr., and died 2 months before becoming 25 years of age, and before any distribution to her of her share under the above quoted provision of the will. Her husband and son claimed, as heirs of her personalty and realty, respectively, her share in the above trust. The other sisters resisted this claim, contending here that the share of Evelyn belonged, in equal parts, to them, because Evelyn had died before reaching 25 years of age.

The facts were stipulated. There is no question raised, on appeal, as to a violation of any of the conditions of the above quoted provision, by Evelyn. The right of her husband and her son to succeed to her interest is challenged on the sole ground that under the above provision she must reach the age of 25 years before any interest could, under the above provision, vest in her, and, therefore, in her heirs. The theory of this contention is that, under the above provision of the will:

"The title to the property vested in the trustees, and it would not become vested in any one of the daughters until such daughter arrived at the age of twenty-five years, and thus regardless of whether or not they had, up to the time of their death complied with the other conditions of the will."

The trial court found against this contention and decreed that, as heirs at law of Evelyn, her husband was entitled to her interest in the

personalty, and her son, to her interest in the realty, so held in trust.
The appeal is from this decree.

[1] Appellants argue, in their brief, the right of the husband to
curtesy in the land. There is no such question in the appeal because
the decree has no such provision. The entire scope of the decree is
contained in this language, to wit:

"The court finds that the plaintiff, John R. Coates, is entitled to recover
from the defendants, E. A. Rolfe and R. L. Pettus, as trustees, all the money
and personal property bequeathed by George L. Pettus to said defendants as
trustees for Evelyn Pettus Coates which was not paid or delivered to Evelyn
Pettus Coates in her lifetime; and that the plaintiff John R. Coates, Jr., is
entitled to recover from the said defendants as trustees all the real property
devised by George B. Pettus to said defendants in trust for Evelyn Pettus
Coates."

Evelyn, was at her death, a resident in Tennessee. That domicile
would determine the descent of her personalty, no matter where lo-
cated. The law of Tennessee gives the husband all of the personalty
of the wife. The fact that the law of Arkansas may, as contended by
appellants, give no curtesy unless the wife is seized of "an estate of
inheritance in land;" and that the land and personalty here involved is
all located in Arkansas, cannot affect the situation.

[2] The sole question for answer here is, therefore, whether the
death of Evelyn before reaching 25 years prevented, under the above
trust terms, the descent of her interest in the trust estate. In other
words, was her reaching the age of 25 a condition precedent to the
vesting of her interest in the trust estate? Beyond the above-quoted
provision, the only portion of the will deemed by appellants to support
their contention is a provision giving the trustees full power of dispo-
sition and investment of the estate. Such a provision is consistent
equally with either theory here and is, therefore, no guide to the con-
struction of the language involved in this controversy.

The purpose in this construction is to ascertain the intent of the
creator of the trust, in order to give that intent full force and effect.
There is nothing in the will itself, or in any extraneous circumstances
covered by the facts in this case, to lead to the conclusion that the
testator intended to prefer surviving daughters to legal heirs (hus-
band and children) of a deceased daughter, merely and solely because
such daughter died before reaching 25 years of age. The statement
of such a proposition reveals its abnormality to be so far unnatural
and shocking as to be rejected, except in the face of clear proof of
such intention. While such an intention is not unlawful, yet it is un-
natural and opposed to good conscience. It will, therefore, never be
presumed by equity, nor will it be accepted as present, unless clearly
proven to be so. If the instrument went no further, appellants must
fail. Watkins v. Quarles, 23 Ark. 188; Cropley v. Cooper, 86 U. S.
(19 Wall.) 167, 174, 22 L. Ed. 109. But there are provisions of this
will which tend to sustain appellees. Such are that each daughter is
required to turn over proceeds of life insurance policies (there were
such here) to be managed as part of her interest in the trust estate; that

the daughters "shall be maintained and educated out of the net income of their respective shares in my estate."

For the above reasons, the decree is affirmed.