CASE 7—PETITION EQUITY—DECEMBER 18.

## Stevenson's Ex'rs v. Stevenson, &c.

APPEAL FROM KENTON CHANCERY COURT.

CONSTRUCTION OF DEVISE.—A direction by a testator that a certain sum
    per annum be paid to one of his daughters during each and every
    year of his wife's life is to be regarded as a charge upon the testator's
    estate until the death of his widow, payable to his daughter, or to
    her children in the event. of her death prior to that of her mother,
    the bequests by the testator to his other daughters tending to show
    that such was his intention.

WM. GOEBEL FOR APPELLANTS.

M. L. HARBESON FOR APPELLEES.

No brief in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

John W. Stevenson died testate on August 10, 1886.
As a lawyer, he was highly distinguished; as a public

servant, he filled many places of trust, discharging the duties with marked fidelity and distinction. His life is a part of the history of our State; indeed, of our country. It was a most useful one, full of honors de servedly bestowed upon him by his fellow-men, who recognized his great mental ability, his sterling worth and his grand nobility of character. Aside from a few special bequests, he devised all his estate upon certain trusts to his executors. Among them he di rected the payment by them to his wife quarterly and in advance during her life the sum of seven hundred and fifty dollars, it to be increased to one thousand dollars should any of his children reside with her; and to his daughters, Mary and Judith, each quarterly and in advance, three hundred dollars; but if either of them should die unmarried and without children, the portion of the one so dying to go to the surviving single daughter; and if both should die unmarried and without children, the bequest to go to his daughter Sallie, and, in the event of her death, to go to her children and the descendant of any deceased child equally. The will then provides: "I direct that seven hundred dollars *per annum* be paid to my daughter, Sallie Coles Stevenson, during each and every year of my wife's life."

The question before us arises upon this clause. The donee under it, although called by the testator by her maiden name, had married Edward Colston. She is dead, leaving two infant children. The widow of the testator yet survives, and we are asked to determine whether the two children are entitled to the bequest until the death of their grandmother, or whether the

right to the payment was personal to Mrs. Colston, and ceased at her death.

The will also directed the payment of two hundred and fifty dollars quarterly during the life of the widow to John W. Stevenson, a son of the testator, and provided for an equal distribution of his estate at his wife's death among his daughters and his son, John W. Stevenson, if living; and if any of them should be dead, leaving children, the portion of the deceased one to go equally to such children, and, if unmarried and no children, then to go equally to John and the surviving sisters or children of any one of them that might be dead. This distribution was to be subject, of course, to provision for any legacy, the continued payment of which was directed by the will.

There is not much in the will to guide us to a correct solution of the question presented. The testator, however, undoubtedly supposed that his daughter, Mrs. Colston, would survive her mother. This was but natural; and looking to the bequests named above to others of his children, and the direction as to the legacies to his unmarried daughters in case of death, leaving no children, as well as the fact that the will directs the division of the estate to take place at the death of his widow, it seems to us the testator expected and intended the payment of the seven hundred dollars *per annum* to be a charge upon his estate until the death of his widow, payable to Mrs. Colston, or to her children in the event of her death prior to that of her mother. If it be said the fact of providing how the legacy to two of his daughters shall go in the event of their dying childless tends to show

the testator would have provided the children of Mrs. Colston should take the legacy provided for her until the death of the grandmother in the event of the mother dying first, if he had so intended, yet it must be remembered the two daughters were single and childless, and might never marry. The intention of a testator is his testament. If it can be gathered from the entire instrument, it must govern, and that the purpose of this testator was as we have indicated seems reasonably certain from all the provisions of his will.

The judgment is, therefore, reversed, with directions to enter one in conformity to this opinion.