CASE 25—PETITION EQUITY—JANUARY 24.

## McDaniel's Guardian v. McDaniel.

91 157
110 906

APPEAL FROM DAVEISS CIRCUIT COURT.

CONSTRUCTION OF DEVISE.—A testator devised to his wife, "in lieu of her dower," the farm upon which they resided until his youngest child should come to the age of twenty-one years, and then to his children in equal shares. *Held*—That the widow's right to the enjoyment of the estate did not cease upon the death of the youngest child before coming to the age of twenty-one, but continues until the youngest child would, if she had lived, reached that age.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

The interest of the widow terminated upon the death of the testator's youngest child. (Fearne on Remainders, volume 1, side page 245.)

J. D. ATCHISON FOR APPELLEE.

No brief in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The will of Ephraim McDaniel provides : "I give and devise to my beloved wife, Christina, in lieu of her dower, the farm on which we now reside, * * containing one hundred acres, until my youngest child comes to the age of twenty-one, and all the stock,

household goods, furniture, provisions, and other personal property which may be thereon at the time of my decease, during her natural life. * * * * * When my youngest child, Susan R., comes to the age of twenty-one, I give and bequeath to my two children, Henry and Susan R., the farm on which we now reside, containing one hundred acres as aforesaid, in equal shares; but if either of said children should die before the said Susan becomes twenty-one years of age, then the said share of such property so devised to such deceased son or daughter is hereby devised to the survivor of the said two children."

Susan died in 1889, when but fifteen years old, and the other devisee, Henry McDaniel, brought this action soon after her death for the possession of the land. He contends that all interest of his step-mother, the widow, Christina, terminated upon the death of Susan, and that not only the entire title then vested in him, but the right to the possession. *Contra*, the widow claims that she is entitled to the use of it until the time when, if Susan had lived, she would have arrived at majority.

The estate vested in the children at the testator's death, but the enjoyment of it was postponed. The appellant contends that there is no reason for it after the death of his sister. He says that the specific event entitling him to possession having become impossible by the death of his sister, and the postponement having been for her benefit, that he should be allowed to at once enjoy the estate.

But was the postponement for her benefit? And was it the purpose of the testator, or at least his

only purpose, as is said, that the widow should take the whole estate, raise the children, and, this being done, turn the land over to them? If so, why did he say that he gave the land to her *in lieu of her dower* until Susan became of age? Doing it for the reason, as he plainly says, that he wished her to so hold it instead of taking dower, is it reasonable to suppose he intended, if. Susan should die the day after his death, or in a very short time, that his wife's interest should thereupon terminate? Was not the postponement of enjoyment by the devisees for the benefit of the widow?

If one devise his lands to his executors until his son comes of age, the profits to be used in the performance of the will, and the son dies shortly, yet the interest of the executors would not terminate until the son would have become of age, if he had lived, because it is reasonable to suppose the testator has calculated that the profits, until that time, will be necessary to answer his debts. To hold otherwise would defeat the intention of the testator, which is always to govern. Equally so would the testamentary purpose be defeated, if, where the husband gives to the wife the use of land *in lieu of dower* until one of their children becomes of age, her interest should be held to terminate upon the death of the child, however soon it might occur after that of the husband.

The case stated in 1 Eq. Cas. Abr., page 195, and cited in Fearne on Remainders, is unlike this one. There one devised lands to his wife until his son, and heir apparent, should become of age, when they were

to pass to him and his heirs. The son died at thirteen years, and it was held that the remainder vested in the son upon the death of the father; that the wife's estate determined upon the death of the son, although she was executrix, and did not continue until the time when he would have arrived at majority, *no creditors or want of assets appearing, and the estate not being devised for the payment of debts.* No reason appeared in this case, so far as the report before us shows, from which it could be presumed that the testator intended the estate of the wife should continue until the time when the son would have arrived at majority if he had lived. In the case now before us, however, it can not well be supposed that the husband intended to give the wife, in lieu of her dower, an interest in the land which might terminate before any enjoyment whatever by her. A distinction exists between a devise to take effect upon an event uncertain, not only as to whether it may ever happen, but also as to when it may happen, and an event which, though it may never happen, yet if it happen at all, must do so at a certain time. Thus the marriage of a person is an event of the first, and his arrival at majority of the second kind. Where there is a devise of the latter character, we may, in ascertaining the testator's intention, regard him as having had in view the point of time when the event would certainly happen, if at all, and not the happening of the event, and construe the devise as referring to a certain time, which must come. This is the rule laid down in Davis, &c., v. Wood, 17 B. M., 86, and is applicable to this case, because the testator evidently

intended the devise to his children should become effective as to enjoyment at a particular time, which he fixed, not by naming the year, but by reference to his daughter's age. The case of Levet v. Needham, 2 Vernon, 139, is applicable to this case. There the testator devised lands to trustees and their heirs in trust to receive the rents until his son should become of age, and to pay one-third thereof to his wife in lieu of dower, and out of the remainder raise portions for his daughters, and devised all left to his son, when of age, in tail, remainder to B and C. The wife died. The son died before he became of age, and without issue. It was held that the wife's interest determined with her death, and that her third should not go to her executors until her son would have become of age; but that the remainder over to B and C was good, though the son died before majority, and that the daughters' portions being raised, *the residue of the term should go to the heir as an interest undisposed of by the will, but to vest as a chattel, and on his death go to his executor until the testator's son should have come to majority.*

Under the rule laid down in this case, and which, if enforced in the one now before us, will, as we think, clearly carry out the purpose of the testator, the period for the enjoyment of the estate by Henry will not arrive until the time when his sister would have reached her majority if she had lived. The words in the will: "But if either of said children should die before the said Susan becomes twenty-one years of age, then the said share of such property so devised to such deceased son or daughter is hereby devised to the sur-

vivor of said two children," do not conflict with the view we have taken. The word "*then*," as used by the testator, does not refer to a time for the enjoyment of the estate to begin. If so, it would only be as to the one-half of it, or the portion of the deceased one, leaving the other half in enjoyment by the widow; and it is unreasonable to suppose, in the light of all the provisions of the will, that this was intended by the testator. Upon the contrary, it was used merely in the sense of the words "in that event," meaning that if one should die before the time arrived for Susan's majority, then whatever right the one so dying had should vest in the survivor.

In our opinion, the widow's interest does not end until the time arrives when Susan, if she had not died, would have become of age, and as the judgment below conforms to this view, it is affirmed.